74 F.3d 1259
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re DW WALLCOVERING, INC. and David Weinberg, Petitioners.
 Misc. No. 453.
 United States Court of Appeals, Federal Circuit.
 Jan. 3, 1996.
 
 Before ARCHER, Chief Judge, BENNETT, Senior Circuit Judge, and MAYER, Circuit Judge.
 ON PETITION FOR WRIT OF MANDAMUS
 ORDER
 ARCHER, Chief Judge.
 
 
 1
 DW Wallcovering, Inc. and David Weinberg (DW Wallcovering) petition for a writ of mandamus to direct the United States District Court for the Southern District of New York to vacate its order disqualifying Joseph R. Robinson, Esq. and Darby & Darby P.C. from representing DW Wallcovering. Decora Incorporated opposes and requests sanctions.
 
 
 2
 On November 30, 1994, Decora Incorporated sued DW Wallcovering and Gracious Home for patent infringement. DW Wallcovering asserted defenses of noninfringement, invalidity, and unenforceability and counterclaimed for declaratory judgments of noninfringement and invalidity. After settlement negotiations failed, DW Wallcovering retained Darby & Darby P.C. (the Darby firm) to represent it in the district court. Robinson has worked at the Darby firm since 1991.
 
 
 3
 Before working for Darby, Robinson had worked for Hedman, Gibson, Costigan & Hoare, P.C. (HGCH) for four years. HGCH was the predecessor to Hedman, Gibson & Costigan, P.C. (the Hedman firm), the firm which presently represents Decora in the district court. The parties do not dispute that the Hedman firm was retained by Nathan Hevrony, an officer for Utilitech Incorporated and Decora, and that Robinson performed work concerning the patent-in-suit. The Hedman firm listed the client at that time as Utilitech.
 
 
 4
 In January 1995, an attorney at the Darby firm requested Robinson's participation in the district court case. Robinson agreed. On January 12, in anticipation of preparing the answer, Robinson called the Hedman firm. On that date, an attorney with the Hedman firm incorrectly indicated that Robinson would not have a conflict in representing DW Wallcovering because Decora was not a client of the Hedman firm until after Robinson left the Hedman Firm. After reviewing its records more closely, the Hedman firm informed Robinson on January 18 that a conflict did exist. The Hedman firm explained that Robinson's work for Utilitech involved the patent that is now owned by Decora.[1] The Hedman firm sent Robinson a copy of a computer diary page indicating that Robinson had performed work for Utilitech. Apparently, Robinson received the copy of the diary page on February 3, 1995, and was screened by Darby from the case on that date.
 
 
 5
 On February 10, 1995, Decora moved to disqualify Robinson and the Darby firm. On August 30, 1995, the district court granted the motion. The district court determined that there was a substantial relationship between Robinson's previous work and the issue of validity of the patent at issue in the present suit. The district court also determined that Robinson had both presumed and actual access to confidential information. Finally, the district court considered the size of the Darby firm, the size of the department in which Robinson works, and other factors, and indicated that no ethical wall could permit the Darby firm's continued participation in the case. On October 24, 1995, the district court denied DW Wallcovering's motions for reconsideration or, in the alternative, for certification of the order concerning disqualification for appeal. On November 28, 1995, DW Wallcovering petitioned for a writ of mandamus to direct the district court to vacate its order disqualifying Robinson and the Darby firm from representing DW Wallcovering.
 
 DISCUSSION
 
 6
 "[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980). The remedy of mandamus is available to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464, 7 USPQ2d 1713, 1715 (Fed.Cir.1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired and that the right to issuance of the writ is "clear and indisputable." Allied Chem., 449 U.S. at 35.
 
 
 7
 On the issue of attorney disqualification, which is not unique to patent law, we follow the law of the regional circuit, here the Court of Appeals for the Second Circuit.[2] In Evans v. Artek Sys. Corp., 715 F.2d 788, 791 (2d Cir.1983), the Second Circuit stated that an attorney who formerly represented an adverse party may be disqualified if:
 
 
 8
 (1) the moving party is a former client of the adverse party's counsel;
 
 
 9
 (2) there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit; and
 
 
 10
 (3) the attorney whose disqualification is sought had access to, or was likely to have had some access to, relevant privileged information in the course of his prior representation of the client.
 
 
 11
 Decora bore the burden of proving that its former counsel should be disqualified. Evans, 715 F.2d at 791. Motions to disqualify attorneys are addressed to the discretion of the district court, and such rulings will be overturned only upon a showing of an abuse of discretion. Telectronics Proprietary, Ltd. v. Medtronic, Inc., 836 F.2d 1332, 1335 (Fed.Cir.1988) (applying Second Circuit law).
 
 
 12
 Generally, DW Wallcovering argues (1) that it was an abuse of discretion for the district court to determine that Robinson's work at the Hedman firm constituted a substantially related matter, (2) that it was an abuse of discretion for the district court to conclude that Robinson had access to confidential information, (3) that it was an abuse of discretion to disqualify Robinson because his work at the firm was too remote to require disqualification, (4) that it was an abuse of discretion for the district court to determine that the Darby firm's screening procedures were inadequate, and (5) that the district court erred by conducting an in camera review of documents. In response, Decora disagrees with each of DW Wallcovering's arguments and argues that mandamus is inappropriate in these circumstances.
 
 
 13
 Specifically, DW Wallcovering challenges the district court's determinations that the second and third factors were proven. Concerning the second factor, whether there is a substantial relationship between the prior representation of the moving party and the present lawsuit, DW Wallcovering argues that Decora's statement at the motions hearing that the subject matter of the prior representation relates to patent validity was not sufficient to establish a substantial relationship. DW Wallcovering argues that the district court should not have held an in camera hearing until after Decora established that there was a substantial relationship. As authority for the proposition that the district court should not hold an in camera hearing until after the "substantial relationship" has been proven, DW Wallcovering cites cases permitting in camera review of documents for purposes of evaluating the third Evans factor concerning access to confidential information.
 
 
 14
 DW Wallcovering has not convinced us that the district court's use of an in camera hearing to determine whether there was a "substantial relationship" is a ground for granting mandamus. Specifically, the district court's use of an in camera proceeding, directed to further protecting the former client's confidences, if any, does not appear improper in the circumstances of this case and based upon the limited authority cited by DW Wallcovering. Cf. Atasi Corp. v. Seagate Technology, 847 F.2d 826, 830 (Fed.Cir.1988) (disapproving of a procedure, in a case involving disqualification of an attorney because of presumed shared confidences, which "would require the very disclosure the rule is intended to protect against").
 
 
 15
 Concerning the third Evans factor, whether the attorney whose disqualification is sought had access to, or was likely to have had some access to, relevant privileged information in the course of his representation of the former client, DW Wallcovering argues that the "extremely limited contact Robinson had with the prior matter" was not sufficient for him to have gained knowledge of the confidential issues relating to the validity of the patent. DW Wallcovering asserts that the 75 minutes that Robinson spent conducting a patent position search was insufficient for purposes of the third Evans factor. DW Wallcovering ignores the language of the third Evans factor, that the attorney "had access to, or was likely to have had access to, relevant privileged information," and the district court's express finding that Robinson had not only presumed access but also received actual communication of confidential information during the Hedman firm's instructions concerning the 75-minute search. DW Wallcovering has not shown a right to mandamus on this ground.
 
 
 16
 Finally, concerning the district court's disqualification of the Darby firm based upon its disqualification of Robinson, the Second Circuit follows the general rule that no partner or associate of a lawyer required to withdraw from employment may accept such employment. That general rule is subject to a possible exception, if a court concludes that a law firm has screened or could effectively screen the "tainted attorney from the rest of the firm's involvement in a particular case." Cheng v. GAF Corp., 631 F.2d 1052, 1057 (2d Cir.1980), vacated on other grounds, 450 U.S. 903 (1981). In the present case, we note that the district court carefully weighed the circumstances of this case, including the size of the Darby firm, the size of Robinson's department, "a risk of tainting the trial process," and the lack of consent from the prior client. The district court determined that there was "a substantial possibility that inadvertent disclosures of Decora's secrets will occur in the course of professional discussions" and that the possibility in the present case was greater than the possibility of disclosure in Cheng, wherein the screening device was similarly ruled insufficient. The district court also noted that "a screening device implemented only after a disqualified lawyer has worked on a case will not usually provide protection of confidences." See Atasi, 847 F.2d at 831 (Fed.Cir.1988) (applying Ninth Circuit law) (stating the importance of notifying the entire firm of a screening procedure before the attorney became involved in the case). Having considered DW Wallcovering's arguments, we cannot say that DW Wallcovering has shown that the district court's analysis should be disturbed by mandamus.
 
 
 17
 In sum, except for DW Wallcovering's challenge to the use of an in camera proceeding for a portion of the case, DW Wallcovering challenges as abuses of discretion the district court's conclusions based upon its weighing of the evidence. In the circumstances of this case, such challenges do not rise to a level warranting the use of mandamus. Allied Chem., 449 U.S. at 36 (where a matter is committed to discretion, it cannot be said that a litigant's right to a particular result is "clear and indisputable"). Concerning the district court's use of an in camera proceeding in determining whether there was a substantial relationship between the previous work and the present case and whether confidential information was disclosed, DW Wallcovering has not convinced us that the district court's procedure was clearly erroneous. Additionally, we have considered DW Wallcovering's other arguments and we do not find a ground for mandamus. However, because DW Wallcovering's petition was not frivolous, we deny Decora's request for sanctions.
 
 
 18
 Accordingly,
 
 IT IS ORDERED THAT:
 
 19
 (1) DW Wallcovering's petition for a writ of mandamus is denied.
 
 
 20
 (2) Decora's request for sanctions is denied.
 
 
 
 [1]
 Utilitech merged with Decora Incorporated, its subsidiary, to create Decora Industries, Inc., a holding company
 
 
 [2]
 See Telectronics Proprietary, Ltd. v. Medtronic, Inc., 836 F.2d 1332, 1335 (Fed.Cir.1988) (following Second Circuit law concerning disqualification)